## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARSHALL EDWARDS,

     *Plaintiff*,

     v.

THE TRAVELERS CASUALTY COMPANY and
TRAVELERS INSURANCE GROUP HOLDINGS,
INC.,

     *Defendants*.

No. 3:23cv00268(MPS)

## RULING ON MOTION TO DISMISS

Plaintiff Marshall Edwards, proceeding *pro se*, brings this diversity action against his automobile insurer, Travelers Casualty Company and Travelers Insurance Group Holdings, Inc. alleging that after he had a car accident, the defendants wrongfully denied him coverage under his insurance policy. Travelers Casualty Company ("Travelers")[1] has moved to dismiss Edwards' complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and, alternatively, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 15. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The following facts, which I accept as true for purposes of this ruling, are drawn from the Complaint (ECF No. 1).

Edwards paid Travelers a premium for an automobile insurance policy. ECF No. 1 at 2. He was involved in an automobile accident and thereafter sought coverage from Travelers. *Id.* Although Travelers partially repaired his vehicle, it failed to fix the vehicle in accordance with the policy and it remained undriveable. *Id.* According to Edwards, Travelers failed or refused to

---

[1] Counsel has not appeared on behalf of Travelers Insurance Group Holdings, Inc.

perform a fair, objective, and thorough investigation of the claim, asserted invalid coverage defenses, thereby delaying resolution of Edwards' claim, interpreted the terms of the policy in an unduly restrictive manner for the purposes of denying Edwards coverage, failed to give Edwards' interests "equal consideration with [its] own," and forced Edwards to litigate in order to recover the amount due to him. *Id.* Edwards seeks "full compensation according to the insurance policy" and "damages [for] both emotional and loss of economic advantages." *Id.*

Count one of the complaint alleges breach of the implied duty of good faith and fair dealing. *Id.* at 3. As to this claim, Edwards states that "[e]very contract carries an implied duty requiring neither party do anything that will injure the right of the other to receive the benefits of the agreement. Defendant[] failed to honor [its] contract in bad faith warranting treble damages as established by Connecticut law." *Id.* Edwards further states that under the Connecticut Unfair Insurance Practices Act ("CUIPA"), "[i]nsurers are required to settle promptly where liability has become reasonably clear; provide a reasonable explanation of the basis in the insurance policy for denial of a claim or offer a compromise settlement promptly; and accept a good faith settlement offer within the policy limits." *Id.* The complaint further states that "CUIPA subjects insurers to regulatory sanction for a pattern of practice of unfair claims practices." *Id.*

Count two alleges "tortious bad faith." *Id.* at 3. As to this count, Edwards alleges that he had an accident and that Travelers "must provide all the services and coverage" provided under the automobile policy but that it failed to "fulfill all of the terms of the contract, and thus breached the contract." *Id.* at 4. In his request for relief, Edwards seeks "compensation in the amount of $175,000 plus punitive damages and treble damages as established by law." *Id.*

On August 10, 2023, Travelers filed the pending motion to dismiss. ECF No. 15. Travelers argues that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 "because the amount

in controversy does not meet the jurisdictional threshold." ECF. No. 16 at p. 8.  It also argues that "the Complaint fails to allege the factual and legal basis necessary for viable claims against Travelers." *Id.* On August 29, 2023, Edwards filed an opposition and declaration in response to the pending motion. ECF Nos. 19, 19-1. On September 12, 2023, Travelers filed a reply brief. ECF No. 21.

## II.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12(b)(1)

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In adjudicating a motion to dismiss under Rule 12(b)(1), the court "accept[s] as true the ... allegations in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Cayuga Nation v. Tanner*, 824 F.3d 321, 327 (2d Cir. 2016). In addition, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but ... may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Central Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (internal citations omitted).

### B.   Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court accepts as true all of the complaint's factual allegations when evaluating a motion to dismiss, *id.*, and must "draw all reasonable

3

inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted).

*Pro se* plaintiffs are "entitled to special solicitude," and courts must interpret their submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted). But *pro se* litigants are nonetheless required to "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

## III.    DISCUSSION

### A.   Rule 12(b)(1)

Travelers first moves to dismiss on the grounds that Edwards fails to allege sufficient facts to establish the jurisdictional minimum of $75,000 required for diversity jurisdiction. ECF. No. 16 at 8. In support, Travelers argues that "Edwards does not plead any factual support for any damages other than a vague reference that a vehicle was not driveable." *Id.*

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir.1994) (quoting *Moore v. Betit,* 511 F.2d 1004, 1006 (2d Cir. 1975)). "This burden is hardly onerous, however, for we recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.,* 166 F.3d 59, 63 (2d Cir. 1999)).

4

"To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold. *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–289 (1938)). "Our cases have set a high bar for overcoming this presumption." *Id.* "[T]he legal impossibility of recovery must be so certain as virtually to negate the plaintiff's good faith in asserting the claim." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago,* 93 F.3d 1064, 1070-71 (2d Cir. 1996) (quoting *Tongkook,* 14 F.3d at 785; internal alteration omitted). "[E]ven where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Zacharia v. Harbor Island Spa, Inc.,* 684 F.2d 199, 202 (2d Cir.1982); *see also Tongkook,* 14 F.3d at 785 ("Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings.").

Travelers has not met its burden to overcome the face-of-the-complaint presumption. Edwards has submitted a declaration as to his alleged damages in which he avers that he suffered significant property damage to his vehicle, incurred costs to rent a vehicle, suffered lost wages, incurred medical expenses, and experienced emotional distress as a result of Travelers' alleged conduct. ECF No. 19-1. He provides a specific breakdown of the values associated with each of these categories of damages. *Id.* at 4. Edwards has alleged facts that support his claim for damages, and Travelers has failed to show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold. The motion to dismiss for lack of subject matter jurisdiction is denied.

## B. Rule 12(b)(6)

Travelers next moves to dismiss the complaint under Rule 12(b)(6) on the grounds that Edwards fails to state a claim against Travelers. ECF No. 16 at 8.

### 1. Breach of Contract

Although Edwards did not label either of his counts "breach of contract," the complaint raises that claim by stating that "Defendants the insurance companies did not fulfill all of the terms of the contract, and thus breached the contract." ECF No. 1 at 4. Travelers argues that the "[t]o the extent the plaintiff's Complaint is construed to assert a claim for breach of contract, a claim for breach of contract fails as a matter of law because the plaintiff fails to allege that he sustained damages." ECF No. 16 at 15. The elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages. *Flagstar Bank, FSB v. Ticor Title Ins. Co.*, 660 F.Supp.2d 346, 350 (D. Conn. 2009). Construing the allegations in the light most favorable to the plaintiff, Edwards has sufficiently alleged facts to support each element.

First, Edwards alleges the existence of an insurance agreement between him and Travelers, and thus has shown the formation of an agreement. ECF No. 1 at 4. Second, Edwards alleges that he paid a premium to Travelers and made a claim for coverage, which shows his performance of the agreement. *Id.* at 2.

Third, with respect to breach of the agreement, Edwards alleges that he was in a car accident and thereafter made a claim for insurance coverage from Travelers. ECF No. 1 at 4. He further alleges that his injuries and the damage to his car are covered by the insurance policy, but that Travelers failed to fully repair his vehicle and provide amounts due to him under the insurance agreement. *Id.* at 2. Thus, Edwards has alleged facts that plausibly establish a breach of the insurance agreement by Travelers. *See Karas v. Liberty Ins. Corp.*, 33 F. Supp. 3d 110, 114–16 (D. Conn. 2014) ("The [plaintiffs] allege that their loss should be covered by the Policy, but Liberty Mutual denied the coverage and therefore breached the agreement…[T]he [plaintiffs] have alleged

facts that constitute a breach of the agreement by the other party."). Fourth, Edwards alleges that he has sustained damages because of Travelers' breach, including loss of "insurance coverage that was never provided as a result of the accident," and the cost to repair his vehicle to a drive-able condition. ECF No. 1 at 2.

Edwards' allegations are "enough to raise [his] right to relief above the speculative level." *See Karas*, 33 F. Supp. 3d at 116. Because I find that Edwards' factual allegations constitute a plausible claim for breach of contract, I deny Travelers' motion to dismiss the claim.

### 2. Count One: Breach of the Implied Duty of Good Faith and Fair Dealing

Travelers also moves to dismiss Edwards' claim for breach of the implied duty of good faith and fair dealing on the grounds that Edwards "fail[s] to assert allegations that permit an inference that Travelers conducted any acts with the requisite mindset of malice, ill will, or a dishonest purpose to substantiate a claim for breach of the implied duty of good faith and fair dealing and/or bad faith." ECF No. 16 at 6.

"[E]very contract carries an implied duty requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 269 Conn. 424, 432 (2004) (internal quotations omitted). "To constitute a breach of the implied covenant of good faith and fair dealing, the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." *Id.* at 433 (internal brackets omitted); *Karas*, 33 F. Supp. 3d at 116. "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake regarding one's rights or duties, but by some interested or sinister motive." *De La Concha*, 269 Conn. at 433. "Bad faith means more than mere

7

negligence; it involves a dishonest purpose." *Id.* An insurer's failure to conduct an adequate investigation of a claim, when accompanied by other evidence reflecting an improper motive, may be evidence of bad faith. *Capstone Bldg. Corp. v. Am. Motorists Ins. Co*., 308 Conn. 760, 801 (2013).

Edwards alleges that Travelers failed to properly investigate his claim; asserted invalid coverage defenses and delayed resolution of his claim; placed "unduly restrictive interpretations" of the policy terms "for the purpose of denying coverage"; failed to give his interests equal consideration with their own; and compelled him to initiate litigation to recover under the insurance contract. ECF No. 1 at 2. Connecticut courts have held similar allegations sufficient to sustain a claim for breach of the covenant of good faith and fair dealing. *See, e.g., Fuhr v. GEICO*, No. CV 980167162, 2000 WL 192437, at *1 (Conn. Super. Ct. Feb. 3, 2000) (finding that "compelling the plaintiff to initiate litigation to recover under the insurance contract" and "failing to investigate adequately the plaintiff's claim" were sufficient allegations to sustain a claim for breach of the covenant of good faith and fair dealing) (citing cases). Although these allegations are somewhat conclusory, when the complaint is liberally construed and reasonable inferences are drawn in Edwards' favor, the complaint barely alleges enough to suggest that Travelers refused to pay benefits due in an effort to evade its obligations under the insurance policy. This sufficiently alleges bad faith, that is, an interested or sinister motive. Thus, I deny Travelers' motion to dismiss Edwards' claim for breach of the duty of good faith and fair dealing.

### 3. Count Two: Tortious Bad Faith

Travelers moves to dismiss count two – tortious bad faith – on the grounds that it is duplicative count one – breach of the implied duty of good faith and fair dealing. ECF No. 16 at

20. Edwards argues that count two is not duplicative of count one because he "distinctly pled this claim within the Complaint." ECF No. 19 at 10.

The Connecticut Supreme Court "has tended to use the terms 'bad faith,' 'lack of good faith' and 'breach of the covenant of good faith and fair dealing' interchangeably," *PSE Consulting, Inc. v. Frank Mercede & Sons, Inc.*, 267 Conn. 279, 296 n. 7 (2004), "and [it] applies the same analysis to claims brought under each of these terms." *Capstone Bldg. Corp.*, 308 Conn. at 794 n. 34. "And while there may be circumstances where a breach of the implied covenant of good faith and fair dealing is distinct from a tortious bad faith claim, Connecticut courts have oft held that these causes of action are duplicative where they are based on the same underlying insurance contract." *Thomas v. Vigilant Ins. Co.*, 594 F. Supp. 3d 499, 506 (D. Conn. 2022); *see Nationwide Mut. Ins. Co. v. Pasiak*, 2011 WL 6413817, at *3 (Conn. Super. Ct. Nov. 30, 2011) (granting motion to strike defendants' tortious bad faith counterclaim because it was duplicative of the defendants' breach of the implied covenant of good faith and fair dealing claim).

Here, Edwards' tortious bad faith claim is duplicative of his claim for breach of the implied duty of good faith and fair dealing because both counts "rely on the same allegations which are founded on the same insurance contract dispute." *Thomas*, 594 F. Supp. at 506. Thus, I dismiss Edwards' claim for tortious bad faith.

### 4. CUIPA

Edwards' complaint also references CUIPA, ECF No. 1 at 3, and, in his opposition, he argues that the allegations in his complaint show "why the Defendant's actions fall within the scope of violations as enumerated under CUIPA." ECF No. 19 at 8. But "CUIPA itself does not provide a private right of action; instead, a plaintiff may assert a private cause of action based on

a substantive violation of CUIPA through CUTPA's enforcement provision." *Matteson v. Safeco Ins. Co. of Illinois,* 593 F. Supp. 3d 5, 26 (D. Conn. 2022) (internal quotations omitted).

Edwards does not mention the Connecticut Unfair Trade Practices Act ("CUTPA"). Even if he had, however, the complaint would not plausibly state a claim under CUTPA based on a violation of CUIPA because it does not allege facts suggesting that Travelers engaged in any of the alleged conduct as part of a "general business practice," a requirement for liability under CUIPA. *See* Conn. Gen. Stat. § 38a–816(6). "[A]lleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a 'general business practice' as required by § 38a – 816(6)." *Lees v. Middlesex Ins. Co.*, 229 Conn. 842, 849 (1994) (internal quotations omitted). Edwards alleges only that Travelers mishandled his own claim. He fails to allege any facts suggesting that Travelers mishandled other claims. He has thus failed to allege a "general business practice." *See id.* ("The gravamen of the plaintiff's [CUIPA] claim is that the defendant unfairly failed to settle her claim, and her claim alone."); *see also Courteau v. Tchrs. Ins. Co.*, 243 F. Supp. 3d 215, 218 (D. Conn. 2017) ("The [plaintiffs'] CUIPA/CUTPA claim fails for the simple reason that they allege only a single unfair coverage denial: their own. They have not pointed to …unfair claim settlement practices in the handling of any claims other than their own.").

Because Edwards alleges neither a violation of CUTPA nor any factual allegations that tend to establish a "general business practice," I find that he fails to plausibly state a claim under CUIPA. Thus, I grant the motion to dismiss Edwards' CUIPA claim.

## IV.    CONCLUSION

For the reasons above, I grant the motion to dismiss (ECF No. 15) with respect to the claims for tortious bad faith and CUIPA, and I deny the motion with respect to the claims for breach of

contract and breach of the implied duty of good faith and fair dealing.

IT IS SO ORDERED.


_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
        December 4, 2023